THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE AIR FARE LITIGATION     )     DOCKET NO. 58



OPINION AND ORDER

BEFORE ALFRED P. MURRAH, CHAIRMAN*, AND JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III*, AND STANLEY A. WEIGEL, JUDGES OF THE PANEL

PER CURIAM

In August 1969, the domestic air carriers filed increased passenger tariffs with the Civil Aeronautics Board. After holding several meetings with representatives of the airline industry and a public hearing, the Board issued an order suspending the tariffs on file pending a more complete investigation. However, the Board also found that the carriers had demonstrated a need for some additional revenue and it outlined its own fare formula and announced that it would permit tariffs implementing its formula to be filed *without suspension*, thus assuring almost immediate effectiveness. The carriers then withdrew their previous tariffs and filed for new increases based on the Board's model. On September 30, 1969, an application for reconsideration of the prior CAB order was denied and

---

* Judges Murrah and Lord were unable to attend the hearing but with the consent of all parties they have participated in this decision on the basis of the transcript of the hearing and the pleadings filed in this matter.

the fares based upon the Board's formula were allowed to stand without suspension or investigation.

Thirty-two interested Congressmen then filed an action in the United States Court of Appeals for the District of Columbia alleging that the Civil Aeronautics Board, by excluding the public from *ex parte* meetings with representatives of the air carriers and by holding a *pro forma* public hearing, had unlawfully approved the increased fare structure. On July 9, 1970, the Court of Appeals held that because the public notice and hearing requirements of Section 102(d) of the Federal Aviation Act were not observed, the order was invalid and the tariffs filed by the carriers based on the Board's order were unlawful. The case was remanded to the Board for further proceedings. *Moss v. CAB*, 430 F.2d 891 (D.C. C.A., 1970).

The litigation now before us eminates from the *Moss Case*. Each of these actions is brought as a class action on behalf of all or a portion of the passengers on domestic airlines who paid the increased fare. Each seeks recovery for the representative party and the class which he seeks to represent against one or more of the domestic airlines. On October 22, 1970, we entered an order directing the parties to show cause why these cases should not be transferred for coordinated or consolidated pretrial proceedings under 28 U.S.C. §1407. We initially delayed our hearing to await action by the CAB on a petition before it requesting similar

relief. Since the Board has not yet acted and the parties are anxious to proceed with the actions now pending in federal district courts, we felt that further delay was inadvisable and set this matter for hearing in San Francisco on January 22, 1971.

The statements of counsel who appeared at the hearing and the written responses to the show cause order reveal that the parties generally agree that transfer under Section 1407 is necessary to avoid potentially conflicting class action claims. The only parties objecting to transfer did so because they felt that a transfer might delay their actions and perhaps because they were concerned that a transfer might reduce their chances of representing the classes they seek.

Although the parties are in agreement that transfer under Section 1407 is appropriate, we must still be satisfied that the requirement of Section 1407 relating to the existence of common questions of fact is met. The parties concede that the question of whether fare-paying passengers are entitled to a refund for the allegedly illegal portion of their fares is primarily a *question of law* but they recognize that Section 1407 does not authorize the transfer of cases which only share common questions of law. The more typical common questions of fact occurring in multidistrict litigation relate to proof of liability while questions relating to proof of damages generally do not lend themselves to common discovery and may be left for the transferor courts following remand. *In re San Juan Air Disaster Litigation*, 316 F. Supp. 981 (JPML 1970).

However, it may be that these cases are atypical for the common questions of fact, indeed the *only* questions of fact relate to damages, particularly with regard to the makeup, potential overlap and damages to the classes sought in these actions. We think that where, as here the class action will be used not only to establish the defendants' liability to the class but also to establish the total damage to the class, the existence of conflicting and overlapping class action claims raises substantial common questions of fact which justify transfer under Section 1407.

As is so often the case, the real issue among the parties is not whether these actions should be transferred under Section 1407 but rather to which district they should be transferred. The defendants and at least one of the Chicago plaintiffs favor the Northern District of Illinois. The California plaintiffs favor the Northern District of California and the District of Columbia plaintiffs, joined by one of the Chicago plaintiffs, favor the District of Columbia.

When litigation is truly national in scope, there may be no *one* district which clearly stands out as *the* appropriate transferee court. Compare, *In re Butterfield Patent Litigation*, ____ F. Supp. ____ (JPML 1970) with *In re Protection Device Litigation*, 295 F. Supp. 39 (JPML 1968). On balance, we think the Northern District of Illinois is the best choice. The defendants, some of whom have their principal offices and bases of operation many miles from Chicago, all favor transfer to the Northern District of

Illinois. The fact that the largest of the defendants -- United Airlines -- has its office and relevant records within the Northern District of Illinois is also an important factor. The geographical location of the transferee court is especially relevant when counsel must travel from distant parts of the country. We think that the Northern District of Illinois will be more convenient for counsel, and thus less expensive for their clients, than either of the other proffered districts. Finally, we note that all of the Chicago cases have been assigned to one judge and in ruling on motions to remand and other pretrial motions, he has acquired a knowledge of the issues involved in these cases which is at least equal to that of the other judges to whom these cases have been assigned.

IT IS THEREFORE ORDERED that all of the actions listed on Schedule A pending in other districts are hereby transferred to the United States District Court for the Northern District of Illinois for coordinated or consolidated pretrial proceedings under 28 U.S.C. §1407.

IT IS FURTHER ORDERED that with the written consent of that Court all cases listed on Schedule A as well as all related actions filed in or transferred to the Northern District of Illinois are hereby assigned to Judge Alexander J. Napoli for coordinated or consolidated pretrial proceedings.

DOCKET NO. 58                                        SCHEDULE A

## NORTHERN DISTRICT OF CALIFORNIA

Air Travelers Association, et al. v. Air            Civil Action
West, Inc., et al.                                  No. C-70 1540 SAW

William M. Bennett, et al. v. Air                   Civil Action
Transport Association of America,                   No. C-70 1608 SAW
et al.

Keith Roberts, etc. v. American Airlines,           Civil Action
et al.                                              No. C-70 2737 SAW

## CENTRAL DISTRICT OF CALIFORNIA

Allen E. Botney v. American Airlines,               Civil Action
Inc., et al.                                        No. 70-2405-R

## DISTRICT OF COLUMBIA

Michael W. Williams, etc. v. American               Civil Action
Airlines, Inc., et al.                              No. 2162-70

## NORTHERN DISTRICT OF ILLINOIS

Alan Weidberg, et al. v. American                   Civil Action
Airlines, Inc., et al.                              No. 70 C 1879

Wayne A. Benjamin, et al. v. Delta                  Civil Action
Airlines, Inc., et al.                              No. 70 C 2004